```
UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
-------------------------------------x

 PING JIANG, QIAO FENG PAN, and NENG
 JI JIANG,
                                                MEMORANDUM & ORDER
                  Plaintiffs,                    19-CV-6259(EK)

          -against-

 MONTY WILKINSON, et al.,

                  Defendants.

-------------------------------------x
```

ERIC KOMITEE, United States District Judge:

    Plaintiffs filed this action to compel the United States Citizenship and Immigration Services ("USCIS") to adjudicate Ping Jiang's I-730 Refugee/Asylum Relative Petition for his wife, Qiao Feng Pan, and child, Neng Ji Jiang.  After Defendants informed the Court that USCIS had issued a series of Requests for Evidence ("RFEs") to Qiao Feng Pan and Neng Ji Jiang, I invited the parties to brief the question of whether the issuance of those RFEs rendered this action moot.  Defendants submitted a responsive brief, but Plaintiffs did not.  As there is no dispute that USCIS has issued RFEs to Qiao Feng Pan and Neng Ji Jiang, this case is moot.  *See Lin v. Johnson*, No. 19-cv-2878, 2019 WL 3409486, at *1 (July 29, 2019) ("When plaintiffs seek to compel adjudication of their application for an adjustment of their immigration status and

USCIS issues an RFE, the action is moot."); *Xiong Ming Lu v. Sessions*, No. 18-cv-1713, 2018 WL 2376304, at *1 (E.D.N.Y. May 24, 2018) ("With an RFE pending, there is no role for the Court, and judicial intervention in this case would necessarily involve an intrusion into the defendants' allocation of adjudicatory resources on the whole, and that is something the Court is institutionally ill-equipped to do." (cleaned up)); *Meixian Ye v. Kelly*, 17-cv-3010, 2017 WL 2804932, at *2 (E.D.N.Y. June 28, 2017) ("The [agency's] refusal to act is the prerequisite for the existence of a case and controversy.  Plaintiff, however, has received what she wanted — action [via the issuance of an RFE] — and she acknowledges that is all she can expect at this point.").  Thus, this case is dismissed for lack of subject-matter jurisdiction pursuant to Rule 12(b)(1) of the Federal Rules Civil Procedure.  *Fed. Dep. Ins. Corp. v. Four Star Holding Co.*, 178 F.3d 97, 100 n.2 (2d Cir. 1999) ("[T]he Court may examine subject matter jurisdiction, *sua sponte*, at any stage of the proceeding."); *Bowens v. Atl. Maintenance Corp.*, 546 F. Supp. 2d 55, 75 (E.D.N.Y. 2008) ("Once the case is moot, the federal courts lack subject matter jurisdiction over the

2

action." (cleaned up)).  The Clerk of Court is respectfully directed to enter judgment and close this case.


    SO ORDERED.

                                    /s Eric Komitee_____
                                    ERIC KOMITEE
                                    United States District Judge

Dated:    September 2, 2021
            Brooklyn, New York